MORGAN, LEWIS & BOCKIUS LLP
Jennifer B. Zargarof, Bar No. 204382
Anahi Cruz, Bar No. 324326
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:  +1.213.612.2500
Fax: +1.213.612.2501
jennifer.zargarof@morganlewis.com
anahi.cruz@morganlewis.com

Attorneys for Defendant
CVS PHARMACY, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA HERNANDEZ, an individual an on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CVS PHARMACY, INC., a Rhode Island corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. **'25CV0694 W    DDL**<br><br>[San Diego County Superior Court Case No 25CU007802C]<br><br>**DEFENDANT CVS PHARMACY, INC.'S NOTICE OF REMOVAL**<br><br>[28 U.S.C. §§ 1332, 1441, 1446]<br><br>Complaint Filed: Feb. 13, 2025 |

TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND PLAINTIFF'S COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant CVS Pharmacy, Inc. ("Defendant" or "CVS") hereby removes the state court action captioned *Gina Hernandez v. CVS Pharmacy, Inc., et al.*, Case No. 25CU007802C (the "State Court Action") from the Superior Court of the State of California for the County of San Diego to this U.S. District Court.

## I.     PROCEDURAL BACKGROUND

1.     On February 13, 2025, Plaintiff Gina Hernandez ("Plaintiff") filed an unverified Complaint in the Superior Court of the State of California, County of San Diego. Declaration of Anahi Cruz ("Cruz Decl."), at ¶ 2.

2.     On February 20, 2025, Plaintiff personally served the Summons and Complaint, along with other case initiating documents, on CVS. A copy of Plaintiff's Complaint and Summons, and all other process, peladings, and orders served on CVS are attached as **Exhibit A** to the Cruz Declaration.

3.     On March 21, 2025, CVS filed its Answer to Plaintiff's Complaint in the Superior Court Action, a true and correct copy of which is attached as **Exhibit B** to the Cruz Declaration. Exhibits A-B constitute all the pleadings, process and orders in the Superior Court Action to CVS's knowledge to date.

## II.     THIS REMOVAL IS TIMELY

4.     Plaintiff personally served CVS with the Summons and Complaint on February 20, 2025. Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint on CVS, it is timely under 28 U.S.C. §§ 1446(b).  No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

///

///

## III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

5.  Plaintiff seeks to bring this action as a putative class action under Cal. Code Civ. Proc. § 382. *See* Cruz Decl., Ex. A ¶ 10. Here, removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (i) the aggregate number of putative class members is 100 or greater; (ii) diversity of citizenship exists between one or more Plaintiffs and one or more Defendants; and (iii) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interests and costs. 28. U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453. Defendant denies Plaintiff's factual allegations and denies that Plaintiff, or the classes she purports to represent, are entitled to the relief requested; however, based on Plaintiff's allegations in the Complaint and her prayer for relief, all requirements for jurisdiction under CAFA have been met.[1] Accordingly, diversity of citizenship exists under CAFA, and this Court has original jurisdiction over this action pursuant to 28 U.S.C § 1332(d)(2).

### A. The Proposed Class Contains Well Over 100 Members.

6.  Plaintiff asserts claims on behalf of herself and a "Class" consisting of "[a]ll current and former non-exempt employees of [Defendant] within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's Complaint" through the present. Cruz Decl., Ex. A ¶ 12. A review of Defendant's records shows that, based on Plaintiff's definition, the proposed class contains well over 100 current and former employees.

///

///

---

[1] Defendant does not concede, and reserves the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action. Defendant does not concede that any of Plaintiff's allegations constitute a cause of action against them under applicable California law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

2       NOTICE OF REMOVAL

**B.      Minimal Diversity of Citizenship Exists Between the Parties.**

7.      To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, one putative class member is a citizen of a state different from that of one defendant. 20 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

8.      Here, *complete* diversity exists between Plaintiff and Defendant because Plaintiff and Defendant are citizens of different states.

**1.      Plaintiff (and Putative Class Members) are Citizens of California.**

9.      "An individual is a citizen of the state in which he is domiciled…" *Boon v. Allstate Ins. CO.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

10.     Plaintiff alleges that she "is an individual residing in the County of San Diego, State of California." *See* Cruz Decl., Ex. A ¶ 6.  Plaintiff does not allege that she was or is a citizen of any other state.  Further, Defendant's records reflect that during her tenure, Plaintiff has had a California address.  Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011).

11.     Defendant therefore believes, consistent with the above, that the Plaintiff was, at the time of filing the Complaint, and remains at the time of this removal, a citizen of California.

12.     Moreover, Plaintiff has brought claims on behalf of alleged putative class members who worked for Defendant in California. Cruz Decl., Ex. A ¶ 12.

Thus, at least one putative class member is a citizen of California for diversity jurisdiction purposes.

### 2.  **Defendant is a Citizen of Rhode Island.**

13. A corporation "is a citizen of any State by which it has been incorporated and the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). CVS Pharmacy, Inc. is, and at all times relevant to this action was, a corporation organized under the laws of the State of Rhode Island with its principal place of business in the State of Rhode Island. CVS' headquarters are located in Rhode Island; CVS' executive officers work out of the corporate offices in Rhode Island and none of its executive officers are based in California.

14. Thus, for purposes of diversity, at all times relevant hereto, Defendant has been a citizen of Rhode Island, and not a citizen of California. 28 U.S.C. § 1332(c)(1).

### 3.  **The Citizenship of Fictitious "Doe" Defendants is Irrelevant for Purposes of Removal.**

15. Pursuant to 28 U.S.C. § 1441(b)(1), "the citizenship of defendants sued under fictitious names shall be disregarded." The inclusion of "Doe" defendants in Plaintiff's state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

16. Because Plaintiff and Defendant are not citizens of the same state and Defendant is not a citizen of California, complete diversity of citizenship existed at the time the Complaint was filed, and minimal diversity jurisdiction exists under CAFA.

17. Moreover, because at least one putative class member is a citizen of a different state from that of one defendant, diversity jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

### C. The Amount in Controversy Requirement is Satisfied.

18. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Because Plaintiff does not expressly plead a specific amount of damages, Defendant, as the removing party, "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted).

19. In determining whether the amount in controversy meets the jurisdictional threshold, courts must assume that the allegations in the complaint are true and that a jury will return a verdict for the plaintiff on all claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount the plaintiff's complaint puts "in controversy," not what a defendant actually will owe. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (denying plaintiff's motion for remand). This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Id.* at 1204-05. Similarly, a removal notice "need not contain evidentiary submissions." *Dart*, 35 S.Ct. at 551.

20. A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of violations." *Oda, et al. v. Gucci Am., Inc.*, 2015 U.S. Dist. LEXIS 1672, at *12 (C.D. Cal. Jan 7, 2015); *see Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, *2 (C.D. Cal April 28, 2015) ("[A] removing defendant is not obligated to research, state and prove the plaintiff's

claim for damages.") (citation omitted). *See also LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1998 n.1 (9th Cir. 2015) (in alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy."). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *LaCross*, 775 F.3d at 1202 (internal citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy.").

21. Although Defendant denies Plaintiff's factual allegations and denies that she or the class she seeks to represent are entitled to the relief for which Plaintiff has prayed, as detailed below, Plaintiff's allegations and prayer for relief have "plausibly" put into controversy an amount that easily exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. §1332(d)(6).

### 1. **Demonstrating the Amount in Controversy.**

22. Plaintiff seeks to represent a "Class" consisting of "[a]ll current and former non-exempt employees of [Defendant] within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's Complaint" through the present. Cruz Decl., Ex. A ¶ 12. Plaintiff further alleges that her claims "are typical of all other Class Members" (*id.* ¶ 15) and seeks, among other things, compensatory and nominal damages, restitution, penalties, and attorneys' fees, costs and interest. *See id.* ¶¶ 52, 63, 72, 77, 83, 89, 90, 94, 100, 108, and Prayers.

///
///
///

        **a.**       **Plaintiff's Third Cause of Action for "Violation of Labor Code § 226.7" (Rest Periods) Puts Well Over $5,000,000 in Controversy**

23.    Plaintiff alleges that "Defendants willfully required Plaintiff and the other Class members to work during rest periods, failed to allow Plaintiff and other Class Member [*sic*] to take any rest period and/or failed to authorize and permit the other Class Members to take uninterrupted, duty-free rest breaks" and that "Defendants' actual policy and practice was to … regularly require Plaintiff and the Class to work through their rest periods" and "failed to pay Plaintiff and the Class premium wages for rest periods that were missed, late, interrupted, or shortened[.]" Cruz Decl., Ex. A ¶¶ 26-29, 69.

24.    California Labor Code § 226.7 provides that if an employer fails to provide rest periods as required by law, the employer shall pay "one additional hour of pay at the employee's regular rate of compensation for each work day that the … rest period was not provided."  Cal. Lab. Code § 226.7; *see also Brinker v. Superior Court*, 53 Cal. 4th 1004, 1039 (2012).

25.    Of the individuals who fall within Plaintiff's Class definition, no fewer than 2,000 full-time non-exempt employees have been employed in California at any given time each year during the four-year limitations period applicable to Plaintiff's rest break claim under California Labor Code § 226.7.  During the relevant limitations period, these non-exempt full-time California employees earned an average hourly wage of at least $30.00.

26.    Conservatively assuming a 10% violation rate in connection with Plaintiff's rest break claim[2] and 240 shifts per year for each full-time employee

---

[2] Courts within the Ninth Circuit have held that a defendant may reasonably assume, for purposes of calculating the amount in controversy, that each putative class member missed at least two rest breaks per week. *See, e.g., Vasquez v. First Student, Inc.*, 2014 WL 6837279, at *3-4 (C.D. Cal. Dec. 3, 2014) (accepting defendant's assumption of a 100% violation rate, or one rest period violation per workday the putative class members worked); *Turnage v. Old Dominion Freight Line, Inc.*, 2013 WL 2950836, at *3 (N.D. Cal. June 14, 2013) (accepting defendant's assumption of two missed rest breaks per week); *Gillette v. Peerless Ins. Co.*, 2013 WL 3983872, *5 (C.D. Cal. July 31, 2013) (accepting defendant's

(*i.e.*, five shifts a week for 48 workweeks), the amount placed in controversy by Plaintiff's cause of action for Failure to Provide Rest Periods can be calculated as follows:

**2,000 individuals * $30/hour * 240 shifts/year * 4 years * 10% violation rate = $5.76M**

27. Thus, Plaintiff's cause of action for Violation of Labor Code § 226.7 (rest periods) alone puts over well over $5 million at issue, thereby satisfying the CAFA's amount in controversy requirement.

    b. **Plaintiff's Other Causes of Action Put Additional Amounts in Controversy, Clearly Exceeding the CAFA Threshold**

28. In addition to the foregoing amount, Plaintiff's other causes of action place yet more amounts in controversy, further demonstrating that the CAFA threshold is satisfied.

29. The "amount in controversy" includes all alleged recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977) (superseded by statute on other grounds); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

30. Plaintiff's First, Second, Fourth, Sixth, Seventh, Eighth, and Ninth Causes of Action all place additional amounts in controversy. Plaintiff's First Cause of Action for Violation of California Labor Code §§ 510 and 1198 (overtime) alleges that Defendant "failed to pay overtime wages owed to Plaintiff and the other

---

assumption of five rest period violations per week); *Giannini v. Northwestern Mut. Life Ins. Co.*, 2012 WL 1535196, at *3 (N.D. Cal. Apr. 30, 2012) (accepting defendant's assumption of five rest break violations per week); *Lyon v. W.W. Grainger Inc.*, 2010 WL 1753194, at *4 (N.D. Cal. Apr. 29, 2010) (accepting defendant's assumption "that plaintiff missed both [meal and rest] breaks three times a week"). Here, a 10% violation rate assumes, even more conservatively, only one non-compliant rest break every *other* week. To reiterate, all assumptions and statements in this Notice respecting Plaintiff's claims are for purposes of calculating the amount in controversy only.

Class Members" and therefore "Plaintiff and the other Class Members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees[.]" Cruz Decl., Ex. A ¶¶ 44-52.

31. Plaintiff's Secon Cause of Action for Violation of California Labor Code §§ 226.7 and 512(a) (meal periods) alleges that Defendant "required Plaintiff and the other Class Members to miss their meal periods and to take meal periods that were late, shortened, or interrupted, and failed to compensate Plaintiff and the other Class Members the full meal period premium for missed, shortened, late, or interrupted meal periods" and therefore "Plaintiff and the other Class Members are entitled to recover … one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided." Cruz Decl., Ex. A ¶¶ 53-63.

32. Plaintiff's Fourth Cause of Action for Violation of California Labor Code §§ 1194, 1197, and 1197.1 (minimum wages) alleges that Defendant "failed to pay minimum wage to Plaintiff and the other Class Members" and therefore "Plaintiff and the other Class Members are entitled to recover liquidated damages[.]" Cruz Decl., Ex. A ¶¶ 64-77.

33. Plaintiff's Sixth Cause of Action for Violation of California Labor Code §§ 226(a) (wage statements) alleges that Defendant "failed to provide Plaintiff and the other Class Members with complete accurate wage statements" and therefore "Plaintiff and the other Class Members are entitled to recover the greater of their actual damages … or an aggregate penalty not exceeding four thousand dollars per employee." Cruz Decl., Ex. A ¶¶ 78-90.

34. Plaintiff's Seventh Cause of Action for Violation of California Labor Code §§ 2800 and 2802 (unreimbursed expenses) alleges that Defendant "failed to reimburse Plaintiff and the Class for all necessary business-related expenses and costs" and therefore "Plaintiff and the Class Members are entitled to recover … their business-related expenses and costs incurred[.]" Cruz Decl., Ex. A ¶¶ 91-94.

35. Plaintiff's Eighth Cause of Action for Violation of California Labor Code §§ 1197.5 (Equal Pay Act) alleges that Defendant "paid [Plaintiff] lower wages for performing substantially similar work [as employees of the opposite sex]" and therefore "Plaintiff and the Equal Pay Class are entitled to recover the balance of the wages unlawfully withheld, liquidated damages in an equal amount, interest thereon, and reasonable attorneys' fees and costs of suit[.]" Cruz Decl., Ex. A ¶¶ 95-100.

36. Plaintiff's Ninth Cause of Action for Violation of California Business & Professions Code §§ 17200, et seq. alleges that Defendant "unlawfully gained an unfair advantage over other businesses [as a result of the alleged Labor Code Violations]" and therefore "Plaintiff and the Class Members are entitled to restitution of the wages withheld[.]" Cruz Decl., Ex. A ¶¶ 101-108.

37. Additionally, Plaintiff seeks recovery of attorneys' fees. Ex. A, Prayer. Attorneys' fees are properly included in determining the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007). Estimated future attorneys' fees are properly included in determining the amount in controversy, including for class actions seeking fees under Labor Code § 226. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793-794 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."). The Ninth Circuit held that future fee estimates can be based on "customary rates and proper fees," and that "a percentage-based method," such as 25% of the amount in controversy, may also be relevant when estimating the amount of fees included in the amount in controversy. *Id.* at 795-96, n. 6.

38. Defendant denies Plaintiff's claim for attorneys' fees. However, for purposes of removal, even though Defendant has already demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000,

Defendant notes that the inclusion of future attorneys' fees would increase the amount in controversy by a material amount.

## IV. VENUE

39. This Court is the proper venue for this action under 28 U.S.C. § 1441(a). The State Court Action is pending in the County of San Diego, California, and the United States District Court for the Southern District of California is the United States District Court that corresponds to the place where the State Court Action is pending.

## V. NOTICE

40. Defendant will promptly file a removal notice with the Clerk of the Superior Court of the State of California for the County of San Diego, and will serve written notice of the same upon counsel of record for Plaintiff. 28 U.S.C. § 1446(d).

## VI. CONCLUSION

41. Based on the foregoing, Defendant respectfully requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: March 24, 2025                           MORGAN, LEWIS & BOCKIUS LLP


By */s/ Anahi Cruz*
Jennifer B. Zargarof
Anahi Cruz
Attorneys for Defendant
CVS PHARMACY, INC.